**NANG–TUNG CHENG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–3106–ag.

United States Court of Appeals, Second Circuit.

June 16, 2006.

Gang Zhou, New York, NY, for Petitioner.

Bud Cummins, U.S. Atty., Eastern District of Arkansas, Gwendolyn D. Hodge, Asst. U.S. Atty., Little Rock, AR, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Nang–Tung Cheng ("Cheng") petitions for review of a June 2005 final order of removal of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of immigration judge ("IJ") Noel Ferris, denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary.

*See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *See Zhou Yun Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)) (internal quotations omitted).

### I. Asylum

#### A. *Family Planning Claim*

■ Here, the IJ's adverse credibility determination concerning Cheng's claim of persecution for allegedly violating China's family planning policies is supported by substantial evidence, and, accordingly the IJ's denial of asylum on this ground is sustainable. The IJ pointed to "specific, cogent reasons" for his adverse credibility determination. *Secaida–Rosales,* 331 F.3d at 307. First, the IJ reasonably relied on the following material inconsistencies: (1) the date on which Cheng testified his daughter's birth certificate was issued; and (2) the inconsistency between Cheng's testimony that his wife discovered she was pregnant "because they checked her pulse" and his wife's letter which indicated that she was found to be pregnant after a medical examination. Moreover, the IJ reasonably based his adverse credibility determination on the fact that Cheng "went to great length" to explain why his daughter's name was not on her birth certificate when, in fact, "the name was always on the birth certificate." These inconsistencies go to the heart of Cheng's asylum claim. *See Diallo,* 232 F.3d at 288.

In addition, in finding Cheng incredible, the IJ noted Cheng's repeated unresponsiveness to direct and clear questions concerning his claims. This finding concerning Cheng's demeanor is entitled to deference. *See Yun–Zui Guan v. Gon-*

*zales,* 432 F.3d 391, 398–99 (2d Cir.2005) (indicating that a factfinder's assessment of an applicant's demeanor as a witness, provides a "crucial means" of distinguishing between persuasive and unpersuasive claims of persecution).

The IJ also reasonably relied on the following implausibilities with regard to Cheng's family planning claim: (1) the fact that Cheng's wife's gynecological checkup booklet whose "sole purpose ... is to record pregnancies and/or that birth control devices are in place," did not indicate that she had had an abortion or that she had had an IUD re-inserted; (2) Cheng's testimony that his wife "would have been sitting at home waiting for her regular examination" scheduled in September when her illegal pregnancy would have been showing; and (3) Cheng's testimony that the government granted his request to have a second child when he had violated the birth control policy by trying to have a child before China's family planning policies permitted him to. *See Xiao Ji Chen v. DOJ,* 434 F.3d 144, 159 n. 12 (2d Cir. 2006) (an adverse credibility finding may be based in part upon testimony the IJ finds inherently implausible, as long as the finding has a reasoned and supportable basis).

Moreover, the IJ's reliance on Cheng's failure to call as a witness his aunt, a reasonably available individual, or to provide an affidavit from her, was a "specific, cogent reason" for her adverse credibility determination. Finally, the IJ reasonably relied on Cheng's failure to provide corroborating evidence, specifically medical records, of the claimed "pelvic infection" his wife suffered as a result of her alleged abortion and IUD insertion. *See Diallo,* 232 F.3d at 287 (lack of corroborating evidence may bear on credibility).

### B. *Falun Gong Claim*

█  Substantial evidence also supports the IJ's determination that Cheng did not establish that he had been persecuted based on his practice of Falun Gong. The IJ noted that Cheng had "never been detained, never been arrested, no one in his family has ever been detained or arrested" and "[t]here has been no effort to find him since March of 2000 [when he claimed police officers searched for him at this home]." The IJ also noted inconsistencies within Cheng's testimony and between his application and his testimony with respect to his practice of Falun Gong.

### II. Withholding of Removal & CAT Relief

Because Cheng failed to raise his withholding of removal and CAT claims before the BIA, these claims are unexhausted and waived, and are not to be considered by this Court. *See Drozd v. INS,* 155 F.3d 81, 91 (2d Cir.1998) (finding argument "waived because it was not raised before the immigration judge or the BIA"); 8 U.S.C. § 1252(d)(1) (providing that petitioners must exhaust all administrative remedies).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).